McIntire *v.* Preston.

CHARLES MCINTIRE, plaintiff in error, *v.* JOHN PRESTON, defendant in error.

*Error  to  Pike.*

In suits brought by corporations, the defendant, by pleading the general issue, admits the capacity of the plaintiff to sue.    If he would deny the existence of the corporation, he must put in a plea for that purpose.

If an insurance company have power to take a note for any purpose, a note given to them would be valid in the hands of a *bona fide* assignee, although the company may not have had the power to take the particular note.

If a charter of an insurance company be wholly silent as to the power of the corporation to give credit for premiums, and to take notes in payment, such a power necessarily results from its power to make insurances and to enable it advantageously to conduct its business.

In a suit by the *assignee* of an insurance company against the maker of the note given to the company, it was *held* that the plaintiff was not bound, in the first instance, to introduce the charter in evidence for the purpose of showing that the company was not restricted by such charter from doing business in the manner usual and customary to such corporations.

Where a party has shown the power of a corporation to take a note, it is incumbent on the opposite party to show that such power has been taken away.

If a corporation have the power to take a note, and hold and convey real or personal estate, it necessarily has the power to negotiate such note in the transaction of its ordinary business.

Where a corporation has the power to take and transfer a note for any purpose, it will be inferred that it was taken and transferred in the ordinary course of business, until the contrary is shown; and before even this can be done, the defendant must show that the plaintiff is not a *bona fide* assignee.

Where a note was made payable to an insurance company in its corporate capacity, *prima facie*, no other evidence of user was necessary.

Corporations may, in this State, assign notes, the word *'person'* being sometimes so construed as to include them.

A note payable to a corporation, was assigned thus: "Without recourse, Joel Scott, Sec'y." It was objected that this was not the assignment of the corporation: *Held*, that it being well settled that corporations might transact business through and were bound by the acts of their officers, they could assign it through their duly authorized secretary; and that his authority could only be questioned by plea of the defendant verified by affidavit: *Held*, further, that the assignment in this case, when properly filled up,—which the plaintiff had the right to do on the trial,—was sufficient to pass the legal interest in the note to the assignee.

DEBT, in the Pike Circuit Court, brought by the plaintiff in error against the defendant in error, and heard before the Hon. Norman H. Purple, without the intervention of a jury,

McIntire *v.* Preston.

at the September term, 1848, when a judgment was render-
ed for the defendant for costs. The plaintiff entered a mo-
tion for a new trial, which was overruled.

*M. Hay,* for the plaintiff in error.

1. Notes payable on demand, so far as the rights of in-
dorsees are concerned, have a reasonable time for payment.
Chitty on Bills, 220; 3 Kent's Com. 78, 79, 90, 91.

2. An insurance company has the right, independent of
its charter, to take promissory notes in the usual and legiti-
mate course of business. Angell & Ames on Corp. 143–6;
1 Phillips on Insurance, 205, 206; *N. Y. Fire Ins. Co.* v.
*Sturges,* 2 Cowen, 664; *Barker* v. *M. F. Ins. Co. of N. Y.*
3 Wend. 94; *Morse* v. *Oakley,* 2 Hill's (N. Y.) R. 265; 2
Kent's Commentaries, sixth Edition, 278 note; 3 Harr.
461; *Russell* v. *De Grand,* 5 Mass. 35; *Mott* v. *Hicks,* 1
Cowen, 542; *N. Y. Firemen Ins. Co.* v. *Ely,* 2 do. 700;
*Commonwealth Ins. Co.* v. *Whitney,* 1 Metc. 21; *Bedford
Com. Ins. Co.* v. *Covell,* 8 do. 442; *New Eng. Marine Ins.
Co.* v. *De Wolf,* 8 Pick. 56; *Hayward,* adm'r, v. *The Pil-
grim Society,* 21 do. 270.

3. The right of the Ocean Ins. Co. to take a note is ex-
pressly recognized by its charter. Laws of Mass. 1818;
Statute of Anne, § 1, in Appendix to 2 Scam. 593.

4. This right being shown, it has the right to assign notes,
until the contrary is shown. *Barker* v. *Mec. Fire Ins. Co.*
3 Wend. 94; *N. Y. Firemen Ins. Co.* v. *Ely,* 2 Cowen, 702;
*Same* v. *Sturges,* ib. 664, 667, 668; *McFarland* v. *State
Bank,* 4 Ark. 55, 522; *Everett* v. *The United States,* 6 Por-
ter, 181; *Holcomb* v. *Ills. & Mich. Canal,* 2 Scam. 230;
*Bank of Washtenaw* v. *Montgomery,* ib. 426; *Commercial
Bank* v. *St. Croix Man. Co.,* 23 Maine, (10 Shepley,) 281.

5. A note may be indorsed by the payee or his agent.
3 Kent's Com. 88. The indorsement in this case is in pro-
per form purporting to be by its proper agent or officer. A
corporation need not contract under its corporate seal.
Angell & Ames on Corp. 151; ib. 153–5, 158, 175; Story on

Agency, §§ 52, 53; *Garrison* v. *Combs*, 7 J. J. Marsh. 84; *Montgomery R. R. Co.* v. *Hurst*, 9 Ala. 516; *Conover* v. *The Mutual Ins. Co.* 3 Denio, 255; *New Eng. M. Ins. Co.* v. *De Wolf*, 8 Pick. 58; *Folger* v. *Chase*, 18 do. 64.

6. Where an indorsement purports to be made by an agent, it can only be denied by plea under oath. Rev. Stat. 421, §59; ib. 472, § 29; *Delahay* v. *Clement*, 2 Scam. 575; *Deshler* v. *Guy*, 5 Ala. 186; *Williams* v. *Gilchrist*, 11 New Hamp. 540.

7. The holder had the right to fill up the blank indorsement. *Folger* v. *Chase*, 18 Pick. 63; *Gilham* v. *State Bank*, 2 Scam. 245; *Jackson* v. *Haskell*, ib. 565; *Northampton Bank* v. *Pepoon*, 11 Mass. 288.

*O. H. Browning & N. Bushnell*, for the defendant in error.

I. It was necessary for the plaintiff under the plea of the general issue, to prove the existence of the corporation. This could only have been done by the production of their charter, and by proof of *user* under it. This the plaintiff has not done; no *user* is proved. Angell & Ames on Corporations, 377; *Jackson* v. *Plumbe*, 8 Johns. 378; *Bill* v. *Turnpike Company*, 14 do. 416; *Bank of Auburn* v. *Weed*, 19 do. 300; *Bank of Utica* v. *Smalley*, 2 Cowen, 780.

In the case of a foreign corporation, as in this case, it is always necessary for the plaintiff, on general issue pleaded, to prove the existence of the corporation. To this there seems to be no exception. *School District* v. *Blaisdell*, 6 New Hanp. 197; *Henriques* v. *Dutch West India Co.*, 2 Lord Raym. 1535.

II. The plaintiff has not shown that the Ocean Insurance Company had power to take promissory notes. If the Company could not take notes payable to itself, it is clear it could not by an indorsement on such note transfer any title to a third person. *Berry* v. *Hamby*, 1 Scam. 468. The power must be shown by the charter—by the construction of the various provisions of the whole charter. In this case the plaintiff has exhibited but a portion of the charter. The most the plaintiff can insist on in this case is, that the power

may be implied from the parts of the charter given in evidence, but how far any such implied power may be restricted by the other parts of the charter, cannot appear to the Court. And this is the more important in this case, because the part of the charter given evidence refers to the other parts of the charter not before the Court, as in part defining and restricting the powers of the corporation.

A company incorporated for a specific purpose has no powers except such as are specifically granted, or which may be necessary to carry into effect the powers granted. To ascertain whether the Company have power to make a particular contract, or to do a particular act, we must look into the charter—the whole charter—and determine the question by the construction of all of its provisions. *The People* v. *The Utica Ins. Co.*, 15 Johns. 383–4; *N. Y. Firemen Ins. Co.* v. *Ely*, 2 Cowen, 678, 699–701, 709–710; *Betts* v. *Menard*, Bre. App. 14–15; *The Salem Mill Dam* v. *Ropes*, 6 Pick. 23; *Beatty* v. *Knowler*, 4 Peters, 152; *Gozzler* v. *Georgetown*, 6 Wheat. 597.

III. Even admitting that enough appears to prove that the corporation had power to take promissory notes, the charter confers no authority to assign notes; the power is not expressly given by the charter, nor is it a necessary incident or means of conducting their specific business of insurance. On the contrary, the charter clearly contemplates that notes taken for premiums, shall remain in the hands of the Company until paid, and the proceeds are in a condition to be distributed as profits. by way of dividends among the stockholders.

A company incorporated for a specific purpose will be strictly confined to the precise business authorized by the charter. *Bank of Augusta* v. *Earle*, 13 Peters, 587; *Broughton* v. *Manchester Water Works*, 5 Eng. Com. Law R. 215; 2 Kent's Com. 299–300; *Beatty* v. *Knowler*, 4 Peters, 152.

The specific grant of a particular power excludes the idea that the corporation can exercise any other power. The grant of power to do a particular act, and in a particular

way, without any negative words, excludes all power to do any other act, or to exercise the power granted, in a way different from what the charter prescribes. *N. Y. Firemen Ins. Co.* v. *Ely,* 2 Cowen, 678, 699–701, 709–10; *North River Ins. Co.* v. *Lawrence,* 3 Wend. 482; *The Life & Fire Ins. Co.* v. *The Mechanic Ins. Co.,* 7 do. 31; *Beach* v. *The Fulton Bank,* 3 do. 573.

IV. The plaintiff had no authority to fill up the indorsement, and to add to the description of the name of Scott, in the manner he has done.

The name of Scott, on the back of the note, unconnected by proof of the Insurance Company, was that of a guarantor, and not of an indorser; not being shown to be the agent of the Company, he had no authority to transfer the legal title to the note. *Camden* v. *McCoy,* 3 Scam. 437; Angell & Ames on Corp. 144, 158, 175.

In all the cases relied on by the plaintiff, it appeared affirmatively by the plaintiff's testimony, that the person undertaking to assign a note as the agent of the payee, was in fact such agent, or where the statute was relied on as dispensing with proof of the assignment, unless a plea was put in denying the assignment under oath, there was produced by the plaintiff an assignment complete and full, and in which the agent in terms described himself fully as the agent of the principal, and as doing the act in his name. Chitty on Bills, 197; Story on Agency, §§ 52, 53; Angell & Ames on Corp. 158; *Delahay* v. *Clement,* 2 Scam. 575; *Garrison* v. *Combs,* 7 J. J. Marsh. 85–6; *Williams* v. *Gilchrist,* 11 New Hamp. 540; 18 Pick. 63; *Gillham* v. *State Bank,* 2 Scam. 245; *Long* v. *Colburn,* 11 Mass. 98.

Our statute does not affect this case. It does not dispense with the production of an indorsement in fact, and which when produced, must be perfect in form, and on its face purporting to be made by competent authority. Rev. Stat. 421, § 59.

*R. S. Blackwell,* for the plaintiff in error, in conclusion.

The points upon which the counsel of the defendant in

McIntire *v.* Preston.

error rely for an affirmance of the judgment rendered by the Court below, are 1st, that the corporate capacity of the Ocean Insurance Co. has not been shown by the plaintiff, because the whole of their charter is not set out in the record, and because there is no proof of a user of their franchises; 2nd, that the company had no power to take a note; 3rd, that they had no power to transfer their interest to the plaintiff by indorsement; 4th, that the authority of the secretary of the company to indorse the note should have been affirmatively shown; 5th, that the indorsement as originally made was not legal in point of form; and 6th. that plaintiff had no authority to fill up the indorsement upon the trial in order to perfect it and clothe the plaintiff with a legal title.

To which we reply:

I.   As to the corporate character of the company.

1.   In an action brought by a corporation, if the defendant wishes to deny their corporate character, he must plead *nul tiel* corporation; by pleading the general issue, as in this case, he admits the capacity of the plaintiff to sue as a corporation. *The Society for the Propagation, &c.* v. *The Town of Pawlet,* &c.,4 Peters, 480; *Prince* v. *The Commercial Bank of Columbus,* 1 Ala. 241; *Methodist Episcopal Church,* &c. v. *Wood,* 5 Ohio, 174; *Phœnix Bank* v. *Curtis,* 14 Conn. 437.

2.   If the contrary shall be held by this Court, then we insist that we have complied with the technical rule. The first section of the charter offered in evidence declares the company to be a body politic and corporate, prescribes their general powers, and confers upon them a corporate name by which they may sue and be sued. This is *prima facie* evidence of their corporate capacity. No formal set of words are essential to the creation of a corporation. Evidence of user was unnecessary, they are declared a body politic and corporate by their charter, and acceptance and user of their franchises will be presumed from the beneficial character of the privileges conferred upon them. *Fire Department of N. Y.* v. *Kip,* 19 Wend. 266. The execution and delivery of the note in controversy by the defendant to the Ocean

Insurance Co. is *prima facie* evidence of a *user* of their franchises. *Montgomery R. R. Co.* v. *Hurst*, 9 Ala. 513.

3.   Again, in this case the plaintiff is not a corporation, but a natural person, merely claiming title to the note by assignment from a corporation; there is no principle of law which requires a natural person to show his or her right to sue; that right is always presumed; if laboring under any incapacities which disable them from suing, this must be pleaded in abatement.

II.   As to the power of the corporation to take a note.

1.   The pleadings do not present the issue—a note is *prima facie* evidence of a legal consideration; if it was illegal, the maker must plead and prove it. *Stacker* v. *Watson*, 1 Scam. 207.

2.   They have the power by implication.   Section one of their charter gives them power to take a mortgage to secure debts, due to the Company, and section three of the Act of 1818 confers power to loan money on real estate mortgages —the power to take notes as collateral security for the debt or loan secured by mortgage is therefore necessarily implied.

Section three of the Act of 1818 conferring upon the Company express power to loan moneys upon bottomry or respondentia, implies the power to take a note as collateral security.   The power to insure property against fire, upon lives, and to take marine risks, and receive premiums therefor, necessarily implies a power to give credit for premiums and take notes as collateral security.

3.   They have express power.   The first section, Act of 1818, provides that Insurance companies, "shall have power and authority to make insurances on vessels, freight, money, goods, and effects, and against captivity of persons, and on the life of any person during his absence at sea, and in cases of money lent upon bottomry, and respondentia, and to fix the premiums and terms of payment.

4.   Where it appears that a corporation has power to take a promissory note in any given case, though they may not have the power to take the note in question, the Courts will

presume that the note was taken in the lawful course of their business, and within the legitimate scope of their corporate powers, until the contrary appears. *Wilmarth* v. *Crawford*, 10 Wend. 341.

5. The defendant having received value from the Company, and given his note to refund, is estopped from denying the power of the Company to take the note. *Chester Glass Co.* v. *Dewey*, 16 Mass. 94; *Bank of South Carolina* v. *Hammond*, 1 Richardson, 281; *The Grand Gulf Bank* v. *Archer*, 8 Smedes & Marsh, 173, 174.

6. Conceding the note to have been taken without authority, it is valid in the hands of the plaintiff who is a *bona fide* holder. The rule is inflexible, that no defence shall be allowed against a *bona fide* holder, unless it is authorized by a statute declaring the note void. *Wilmarth* v. *Crawford*, 10 Wend. 341; *Adams* v. *Wooldridge*, 3 Scam. 255; *Vallett* v. *Parker*, 6 Wend. 615.

III. As to power of the corporation to assign this note.

1. This power is expressly given them by their charter. Section one provides that the Company "may purchase, hold, and convey, any estate, real or personal for the use of said company." Section five provides that "they shall have power to make and prescribe such by-laws, rules and regulations, as to them shall appear needful and proper, touching the management and disposition of the stock, property, estate and effects of said Company."

2. The power to acquire and hold property, when conferred upon a corporation, carries with it by implication, a power of disposition, as unlimited as that possessed by natural persons. 2 Kent's Com. 281; *Jackson* v. *Brown*, 5 Wend. 590; *Reynold's heirs* v. *Stark County*, 5 Ohio, 129, 131; *Conway, ex parte*, 4 Ark. 351, 354.

3. It is conceded that the company may take a note, then we insist that by virtue of the Statute III and IV Anne, c. 9, which is a part of the Common Law of Massachusetts, they as a corporation may transfer their legal title to plaintiff by indorsement. 2 Scam. 593, App.; *Jones* v. *Fales*, 4 Mass. 254.

4. It is said this note, from anything appearing in the re-

cord to the contrary, was indorsed in this State, and that by our statute a corporation cannot transfer their title by indorsement.   To which we reply :

1.   That by the fifth section of their charter, (the Ocean Insurance Company,) it is declared, "shall be located and kept in the city of Boston, Mass." The note is dated there; it may therefore with propriety be inferred, that the note was negotiated and transferred at the office of the Company, and of the State, rather than that the transaction took place within this State.   If this presumption is proper, the statute of Illinois has nothing to do with this question of power, and the *lex loci contractus* must prevail.   *Bank of Washtenaw* v. *Montgomery*, 2 Scam. 427.

2.  ˙The fourth section of chapter 73, Revised Statutes, 384, which uses the words "person or persons," may properly be extended so as to embrace corporations.

3.   If the Company has power in any given case to indorse a note, the Court will presume that this indorsement was within the power of the corporation.

IV.   As to the power of Scott to indorse.

The declaration avers that "the Ocean Insurance Company, by Joel Scott, their secretary, indorsed the said note to the said plaintiff."   This allegation must be denied by plea, verified by affidavit, or the power of Scott cannot be questioned.   Rev. Stat. 421, § 59 ; *Delahay* v. ₁ *Clement*, 2 Scam. 575 ; *Brown* v. *Jones*, 3 Porter, 429 ; *Williams* v. *Gilchrist*, 11 New Hamp. 540 ; *Garrison* v. *Combs*, 7 J. J. Marsh, 84 ; *Pickering* v. *Pulsifer*, 4 Gilm. 79.

V.   As to the power of the indorsement.

1.   No particular power is required to constitute a valid indorsement ; intent is all that is looked at.   *Simpson* v. *Ranlett*, 2 Gilm. 312 ; *Brown* v. *The Butcher's & Drover's Bank*, 6 Hill's (N. Y.) R. 443; 6 Wend. 443 ; Ibid. 619.

2.   Agent need not use the name of the Company.   There is a distinction in this respect between the execution of simple and specialty contracts by an agent ; in the latter case he must execute in the name of his principal, but in the former he may execute in his own name, provided it appears

on whose behalf he executes. The word "secretary" used in this indorsement, coupled with the fact that he had the possession of a note payable to an Insurance Company which has a secretary, and can only act through him, is sufficient evidence of the intent on his part, to contract for the Ocean Insurance Company. Story on Agency, §§ 155, 156; *New England Marine Insurance Company* v. *De Wolf*, 8 Pick. 56.

VI. As to authority of plaintiff to perfect the indorsement.

The possession of the note by plaintiff was *prima facie* evidence of an equitable title to the instrument, and that instrument having on its back what purported to be an indorsement, conferred upon the holder authority to perfect his title by clothing the indorsement with such words as were necessary to make a technical assignment of the legal interest of the Ocean Insurance Company. *Folger* v. *Chase*, 18 Pick. 63; *Northampton Bank* v. *Pepoon*, 11 Mass. 228.

For these reasons the judgment should be reversed.

The Opinion of the Court was delivered by

TRUMBULL, J. McIntire, as the assignee of the "Ocean Insurance Company," sued Preston in an action of *debt* upon a note given to that Company. The declaration is in the usual form. The defendant pleaded *nil debet*, payment, set-off, and accord and satisfaction, upon all of which pleas issues were joined.

By consent of parties the case was tried by the Court, and upon the trial the plaintiff offered in evidence the Act of the Commonwealth of Massachusetts incorporating the Ocean Insurance Company, a section of the Constitution of Massachusetts declaring what laws should be in force in that Commonwealth, the first section of the statute of III. and IV. Anne, Ch. 9, making promissory notes assignable, &c., the report of the decision made by the Supreme Judicial Court of Massachusetts in the case of *Jones* v. *Fales*, for the purpose of showing that the said statute of Anne was held to be in

force in Massachusetts, and the note and the indorsement thereon, which was all the testimony in the case. The Court found for the defendant upon the plea of *nil debet*, and for plaintiff upon the other issues. A motion for a new trial was made, overruled, and an exception taken to overruling the same.

The assignment of errors questions the correctness of the decisions of the Court refusing a new trial and entering judgment in favor of defendant.

In determining this case several important questions arise:

1. Was it necessary for the plaintiff under the issues, in order to show his right to sue, to prove the existence of the corporation to which the note was made payable?

2. Had the " Ocean Insurance Company" power to take and assign the note in question?

3. Was the indorsement, " without recourse, Joel Scott, Sec'y," upon the back of said note, sufficient to transfer the legal interest therein to the holder of said note, and did it authorize the filling up of said indorsement in the manner it was done?

Some other questions of minor importance were raised during the argument, which will be disposed of as we progress.

Upon the first point, as to the necessity for proof on the part of the plaintiff to show that the "Ocean Insurance Company" was duly incorporated, the argument seems to have proceeded upon the assumption that said company was the plaintiff in the action. Such is not the case. The suit is brought by Charles McIntire, a natural person, whose capacity to sue cannot surely be questioned under the general issue. Had the suit been in the name of the payees of the note, the question of their capacity to sue, might, according to some authorities, have been raised under the general issue, and without a special plea for that purpose. Upon this point there is a great contrariety of decisions, as was shown upon the argument; but, in our opinion, the better rule is, that in suits brought by corporations, the defendant,

by pleading the general issue, admits the capacity of the plaintiff to sue, and that if the defendant would deny the existence of the corporation, he must put in a plea for that purpose.

Such has been held to be the law by the Supreme Court of the United States, the Courts of Massachusetts, Connecticut, Alabama, and several other States, and in our judgment, the decisions of those Courts are the best sustained both by reason and authority. In the cases of *Phœnix Bank* v. *Curtis*, 14 Conn. 437, and of *Prince* v. *Commercial Bank of Columbus*, 1 Ala. 241, the leading cases upon this subject are collected and reviewed. See also, 4 Peters, 480; 4 Blackf. 202; 9 Ala. 513; 1 Mass. 159; 3 Pick. 245; 16 Conn. 421; 7 Mon. 584; 6 New Hamp. 197.

Secondly. Was it necessary for the plaintiff to introduce in evidence the charter of the "Ocean Insurance Company," not for the purpose of showing its authority to bring suit, which would have been admitted by the pleadings, even had the suit been in the name of the corporation, but for the purpose of showing the power of the company to take and assign notes? Unless such a power can be inferred as necessary or incident to the purposes for which insurance companies are established, it was necessary to make such proof. The Court is bound to know, judicially, something of the nature and objects of insurance companies, as well as the purposes for which they are created. Is the power to take and transfer a note incident to the exercise of their usual functions? It is said in 1 Phillips on Insurance, 205, "Generally, the premium on the whole sum named in the policy as insured, is considered in practice to be due immediately, though in the United States it is not usually payable until after the expiration of a credit of from two or three, to eighteen months, according to the length of the voyage." "In the case of insurance by an incorporated Company, the premium note is generally made payable to the Company by its corporate name, or to some of its officers;" accordingly, the Company, or its officers "may negotiate the note immediately." Ib. 206. In the case of the *N. Y. Fireman's Ins. Co.* v. *Ely*, 2 Cowen, 678, the Court say: "It may be con-

ceded that the Company have authority to take notes for the premiums due to them, instead of demanding cash, because the power of giving credit may be necessary to enable them to make the most advantageous contract of Insurance." If the Ocean Insurance Company had authority to take a note for any purpose, the note in question would be valid in the hands of the plaintiff, a *bona fide* assignee, although the Company may have had no power to take this particular note. This was held to be the law in the case of *Wilmarth* v. *Crawford*, 10 Wend. 341. If the charter of the Ocean Insurance Company was wholly silent as to the power of the corporation to give credit for premiums and take notes in payment, we should feel bound to decide upon the principles laid down in the foregoing authorities, that such a power necessarily resulted from its power to make insurances, and to enable it advantageously to conduct its business; and we think it would be going quite far to hold that the plaintiff was bound in the first instance to introduce the charter in evidence, for the purpose of showing that the Company was not restricted by the Act of incorporation from doing business in the manner usual and customary to insurance companies.

But the power of the Ocean Insurance Company to take the note in this case does not rest upon the presumption that insurance companies usually exercise such a power. The plaintiff introduced in evidence upon the trial, the Act of the Commonwealth of Massachusetts incorporating said Company, by the first section of which Act the Ocean Insurance Company is created a corporation, authorized to sue, &c., and is invested "with all the powers and privileges granted to insurance companies, and subject to all the restrictions, duties and obligations contained in a law of this Commonwealth, entitled "*An Act to define the powers, duties and restrictions of Insurance Companies,*" passed February 16, 1818, and in a law entitled "*An Act authorizing the several Insurance Companies of this Commonwealth to insure against fire,*" passed February 21, 1820, and is further authorized "to purchase, hold and convey any estate, real

or personal, for the use of said company; provided the said real estate shall not exceed the value of fifty thousand dollars, excepting such as may be taken for debt, or held for collateral security for money due to said Company." The first section of the Act of 1818 expressly authorizes insurance companies to make insurances on vessels, &c., and "to fix the premiums and terms of payment;" and the third section of said Act authorizes insurance companies to loan a portion of their capital stock on mortgage of real estate, &c. The power to take and transfer notes in the legitimate business of the corporation is clearly recognized in the foregoing sections. The power to hold and convey any estate, real or personal, to make insurances and fix the premiums and terms of payment, and to make loans, necessarily implies the power to take notes; nor was the power to take notes under the provisions of the foregoing sections seriously questioned upon the argument; but then it was insisted, that this power may have been taken away by the provisions of the "*Act authorizing the several Insurance Companies of this Commonwealth to insure against fire,*" passed in 1820, referred to in the charter of the Ocean Insurance Company, and which Act the bill of exceptions shows was not offered in evidence.

The Act incorporating the Ocean Insurance Company was passed in 1830, and because an Act previously passed authorizing insurance companies to insure against fire, and referred to in the charter, was not offered in evidence, we are asked to infer that there are provisions in that Act restraining and taking away the powers granted in the charter and in the general law in reference to insurance companies, both of which are set out in full in the record, and were read upon the trial of the cause. It is said that the Court cannot determine whether the Ocean Insurance Company had power to take a note, because one of the Acts referred to in the charter of that company is not before the Court. The power to take a note may, as we have already shown, be fairly inferred from the first section of the charter; and if there were provisions in a former Act, referred to in a pre-

vious part of said first section, inconsistent with this power, the last law would prevail; but we think it carrying the doctrine of presumption quite too far, to assume that there are provisions in an Act extending the powers of insurance companies so as to authorize them to insure against fire, inconsistent and repugnant to the whole scope and tenor of the laws granting powers to such companies.

After the plaintiff had shown the power to take a note on the part of the corporation by the production of their charter, we do not think it was necessary for him further to show that such power had not been taken away by some other statute, although such statute may be referred to in the charter. Having shown the power to exist, it was unnecessary for the plaintiff to show, negatively, that it had not been taken away, and especially would this be so, when the Act as referred to by its title, professed, as in this case, not to *limit*, but to *extend* the powers of the Company. If there were restrictions in the Act to authorize insurance companies to insure against fire, prohibiting such companies from taking notes in any case, it was incumbent on the defendant to have shown it, if he could, after having expressly recognized that power by executing the note in question. The plaintiff made out a *prima facie* case at least, of power on the part of the corporation to take the note, and this was sufficient unless rebutted.

The corporation having the power to take a note, and to hold and convey any estate, real or personal, would necessarily have authority to negotiate such note in the ordinary transaction of the business of the Company, and that such a power is usually exercised by insurance companies has already been shown. That the note in question was made and transferred in the ordinary course of business will be inferred, in case the corporation had power to make and transfer a note for any purpose, till the contrary be shown; and it would not even be admissible in this case, without first showing the plaintiff not to be a *bona fide* assignee, for the defendant to show the contrary. 3 Wend. 94; Angell & Ames on Corporations, 144; 6 Wend. 615.

The note being payable to the Ocean Insurance Company in its corporate capacity, *prima facie* no other evidence of *user* was necessary.   9 Ala. 516; 14 Johns. 238.

The power of the Ocean Insurance Company to assign this note has, however, been questioned, upon the ground that the statute of Illinois in reference to negotiable instruments, ( R. L. 482,) while it authorizes notes to be made by any person or persons, body politic or corporate, only authorizes the assignment of such as are payable to any person or persons, and under the hand of such person or persons, which, it is insisted, means natural persons, and does not embrace corporations; and that they had no right at the time the note in question was indorsed, to assign notes in this State.   Two answers may be given to this objection:

1.   By a fair construction of the statute we think corporations might assign notes in this State.   The word 'person' is sometimes so construed as to include corporations.   *The People* v. *Utica Ins. Co.* 15 Johns. 357.

2.   The Ocean Insurance Company was located by its charter, at Boston, Massachusetts, and the presumption is, that the note was indorsed at the place where the Company did business—if so, by the first section of the Statute of III. and IV. of Anne, adopted in Massachusetts, the power to indorse notes is not restricted to natural persons.   *Jones* v. *Fales*, 4 Mass. 243.

3.   Was the indorsement in this case sufficient, and was the plaintiff authorized to fill it up, so as to show an assignment by the payees of the note ?

The fifty eighth section of the eighty third chapter of the Revised Statutes declares:   "In actions upon bonds, notes, and all other writings made assignable by law, in the name of the assignee, the plaintiff shall not be held bound to prove the assignment or signature of any assignor, unless the fact of assignment be put in issue by plea verified by affidavit of the defendant or some credible person, stating that he verily believes the facts stated in the plea are true."   No such plea was interposed in this case, consequently the assignment as alleged in the declaration to have been made by the

Ocean Insurance Company, is admitted by the pleadings. Although this is admitted to be the law, yet, it *is* insisted that the plaintiff is bound to introduce in evidence an assignment purporting to have been made by the payee of the note—that inasmuch as the indorsement "without recourse, Joel Scott, Sec'y," did not purport to be an indorsement by the Company, it was upon its face wholly insufficient to transfer the legal title in the note, and that said indorsement, unexplained by proof, was that of a guarantor, and not of an indorser. It is difficult to conceive why Scott should have prefixed the words "without recourse" to his name, if the intention was to bind himself as guarantor. A guarantor *without recourse* would be a solecism. Such manifestly was not Scott's intention in placing his name upon the back of the note. That corporations may do business through, and are bound by the acts of their officers, is well settled; and the Ocean Insurance Company having power to assign the note in question, it unquestionably could make that assignment through its duly authorized secretary. Story on Agency, § 53; Angell & Ames on Corporations, 158; 3 Denio, 254.

That Scott was the duly authorized officer to make the assignment, is admitted by the pleadings, because proof of his authority to make the assignment, would have been part of the evidence necessary to establish said assignment at the Common Law, and whatever evidence would have been admissible and required of the plaintiff, independent of the statute, is to be considered as given, unless the assignment is put in issue by plea verified by affidavit. That the authority of the agent to act for his principal need not be proved in such a case, has already been settled in principle by this Court, in the case of *Delahay* v. *Clement*, 2 Scam. 575.

This point of the case is, then, presented in the same light as if the record contained proof, that Joel Scott made the indorsement upon the note as the secretary, and under the direction of the Ocean Insurance Company. If he did, there can be little difficulty in determining that the

indorsement was sufficient to carry the legal title to the note, and authorize the holder thereof to fill it up so as to show said assignment to have been made for and on behalf of said Company. There can be no mistaking the intention of the parties in this case. The words "without recourse," show that Scott intended to indorse the note, and not to guaranty the payment thereof; and the letters "Sec'y," annexed to his name, are sufficient to indicate that he 'did not suppose he was acting for himself alone.

Upon the point of the sufficiency of the indorsement, and the authority of the plaintiff to fill it up on the trial, we are not without authority. In the case of the *New Eng. M. Ins. Co.* v. *James De Wolf*, 8 Pick. 56, which was a suit against the defendant as the guarantor of a promissory note, the guaranty was as follows: "By authority from J. De Wolf, Junior, I hereby guaranty the payment of this note. Isaac Clap." The Court *held*, "with respect to the form of the guaranty, we are of opinion that the effect of it must be determined by the intention with which it was made. If Clap had authority to make the guaranty for the defendant, and the words are such as not merely to bind himself alone, and it can be ascertained that he intended to act for De Wolf, the latter will be bound. The authorities cited to maintain the position that the name of the principal must be signed by the agent, are of deeds only, instruments under seal; and it is not desirable that the rigid doctrine of the Common Law should be extended to mercantile transactions of this nature." The Court being satisfied from all the circumstances, that Clap professed to act for De Wolf, add, that the only question ought to be whether he had authority so to act, and the evidence showing that he had such authority, De Wolf was held liable.

In the case of the *Northampton Bank* v. *Pepoon*, 11 Mass. 288, the note was payable to the Berkshire Bank, and was indorsed by Simon Larned, calling himself attorney. It was objected that, admitting Larned to have been the attorney of the Bank for the purpose of indorsing the note, yet, the manner in which he had executed the power defeated his

McIntire *v.* Preston.

purpose, as he had not declared that he acted for and on behalf of the corporation. Parker, C. J., in delivering the Opinion of the Court, says: "If the authority of Larned was good to indorse as attorney, he having indorsed in blank, the plaintiff may erase the words written over his name, and substitute other words which will give effect to the indorsement."

In the case of *Folger* v. *Chace*, 18 Pick. 63, it was held that a note indorsed "P. H. Folger, Cashier," was sufficiently indorsed to pass the interest of the payees, the Phœnix Bank, in said note, and that if it was not sufficiently certain, the plaintiffs would have the right at the trial to prefix the name of the corporation.

In 6 Hill, 443, where a party placed the figures "1, 2, 8," upon the back of a bill of exchange, no name being written, it was held a valid indorsement, and that a person might become bound by any mark he thought proper to adopt, provided he intended to bind himself. See ,also, 6 Wend. 443, and 7 J. J. Marshall, 84.

We are, therefore, of the opinion that the indorsement in this case was sufficient to pass the legal interest in the note, when properly filled up, which the plaintiff had the right to do upon the trial.

The finding of the Circuit Court was manifestly contrary to the evidence, and the motion for a new trial should have been allowed.

The judgment of the Circuit Court is reversed at the costs of the defendant in error, and the cause remanded for further proceedings not inconsistent with this Opinion.

*Judgment reversed.*