In re HUMPHREY ADVERTISING CO.

TRIBUNE CO. et al. v. HUMPHREY ADVERTISING CO.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1910. Rehearing Denied February 19, 1910.)

No. 1,613.

1. CORPORATIONS (§ 14*)—ORGANIZATION—DIFFERENT LINES OF BUSINESS.

Under the Illinois statutes authorizing the creation of corporations, a corporation may be organized to carry on two distinct and independent lines of business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 16; Dec. Dig. § 14.*]

2. BANKRUPTCY (§ 72*)—CORPORATIONS—SUBJECT TO ACT—BUSINESS.

Where a corporation was organized to publish, distribute, and place advertising matter in railroad cars, waiting rooms, and depots along the right of way and in and around other property of railroads and in other places, and also to own and place and operate vending machines and other self-acting mechanical devices, and the corporation carried on both lines of business extensively up to the time of the filing of the bankruptcy petition against it so that neither could be said to be its principal business and the other incidental, the advertising business not being within the bankruptcy act, the corporation was not subject to adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*

What persons are subject to bankruptcy law, see note to First Nat. Bank v. Mattoon Nat. Bank, 42 C. C. A. 4.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of the Humphrey Advertising Company. On petition by the Tribune Company and others for a bankruptcy adjudication against the Humphrey Advertising Company. From an order denying the petition, petitioners appeal. Affirmed.

Julius Moses and Isaac Rothschild, for appellants.

C. H. Poppenhusen, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KOHLSAAT, Circuit Judge. Appellants filed their petition to have appellee declared a bankrupt, making allegations therein, which, if true, would have brought appellee within the provisions of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). Thereafter, certain other creditors were permitted to and did join in said petition. Appellee thereupon filed its plea denying the jurisdiction of the court. On issue being joined, the cause was referred to the referee, as special master.

From the stipulation of facts, it appears that appellee is a corporation of Illinois, and that its corporate objects, as stated in its charter, were as follows, viz.:

"Publishing, distributing, and placing of advertising matter in railroad cars, waiting rooms, and depots along the right of way, and in and around other property of railroads, and in other places; and the owning and placing and operating vending machines and other self-acting mechanical devices."

And that appellee carried on both of said lines of business extensively up to the time of filing the petition in bankruptcy herein. From all the evidence submitted, the special master found that "for some time prior to filing the petition in bankruptcy," appellee was—

"actually engaged principally and within its charter powers, in the pursuit or occupation of soliciting and preparing advertising matter to be placed in newspapers, magazines, and other publications, and arranging with the same for the rates at which such advertisements should be inserted and paid for; and that such pursuit is not within the language of the statute; and that the said corporation was not engaged principally in the business of trading, publishing, and mercantile pursuits, or either of them, as alleged in the creditor's petition"

—and thereupon recommended that the petition be dismissed.

Upon hearing before the District Court, the report was approved and the petition dismissed. The matter is now before this court on appeal. The error assigned is, in substance, that the court erred in holding that appellee was not subject to the bankruptcy act.

It will be seen that the statutes of Illinois permit the creation of corporations having more than one corporate object. Consequently, it happens that a corporation may carry on two distinct and independent lines of business, one of which may prosper, while the other languishes; or, both having become insolvent, one may be within the provisions of the bankruptcy act, and the other without the act.

There are many cases in the bankruptcy reports in which the question as to which is the principal business of a corporation is discussed. Those cases turn largely upon the proposition as to which business is principal and which is incidental. Here, both lines of business are covered by the articles of incorporation, and neither can be said to be in any sense incidental to the other or to the charter powers. The reasoning in the one case is not applicable to the other. The liberality of the Illinois statute permits a situation not contemplated by the framers of the bankruptcy act. It cannot be that, as between two separate lines of business, one within, and the other without, the act, and both included in the charter, it is the duty of the bankruptcy court to weigh, measure, estimate, balance, and compare the one with the other with a view to ascertaining the relative importance of the

several classes of business embraced within the specifically declared objects of the corporation and actually carried on by it, in the absence of clear statutory authority—bearing in mind the strictness with which this section of the act should be construed. In re Empire Metallic Bedstead Company, 98 Fed. 981, 39 C. C. A. 372.

We concur in the finding of the special master and the District Court that the advertising business as carried on by appellee, so far as the record discloses, was conducted within the objects of the charter, and did not come within the act. Assuming, as insisted by appellant, that the other branch of appellee's corporate objects does come within the act, there existed two distinct classes of business in which appellee was engaged, neither of which can be termed its principal business, and both of which stood on the same footing for the purpose of ascertaining what was the principal business of appellee. If the court should assume to decide that one or the other is the business in which the corporation is principally engaged, it could not find that the rejected line of business is incidental thereto, for it is not. The case is novel, and one of first impression, growing out of the language of the Illinois statute. We are of the opinion that the facts of the case create a situation not within the bankruptcy act, for the reasons stated.

The order of the District Court, dismissing the creditors' petition to have appellee declared a bankrupt, is affirmed.

BAKER, Circuit Judge, concurring, is of the opinion that it is unnecessary to consider whether the business of soliciting advertisements and arranging for their publication in magazines was within the true interpretation of the bankrupt's charter, for the reason that appellants are not the representatives of the state with authority to inquire whether or not its grant to the bankrupt was misinterpreted or abused.