## American Credit & Trust Company, Appellee, v. John Worthington, trading as American Bank, Appellant.

### Gen. No. 19,940.

1. CORPORATIONS, § 344*—*when question of ultra vires cannot be raised.* Where an act of a corporation is at most only an abuse or excessive use of a general power conferred by its charter, in a suit by the corporation to enforce its rights with reference thereto, the question of *ultra vires* cannot be raised by the defendant, but can be raised only in a direct proceeding by the State.

2. CORPORATIONS, § 344*—*when right to purchase certificates of deposit cannot be questioned by plea of ultra vires.* Where a corporation has power under its charter to buy and hold property of any kind except real estate and corporate stock, and to borrow money, etc., a purchase by it of certificates of deposit is not wholly without the scope of its powers, and in a suit by it to recover on the certificate a plea of *ultra vires* cannot be maintained.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed January 25, 1915.

ADAMS, CREWS, BOBB & WESCOTT, for appellant.

FRANK SCHOENFELD, for appellee; GEORGE F. ORT, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action in assumpsit to recover on two certificates of deposit dated July 9, 1912, payable to the order of J. F. Conant, each for the sum of $1,000, due six months after date with interest. There was a verdict and judgment for plaintiff for $2,040, from which judgment defendant has appealed.

It seems to have been proven that the certificates were executed and delivered on their dates by defendant to Conant; that subsequently, before maturity, they

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

were acquired by indorsement and delivered in the ordinary course of business, for value, to Wolff Adolphus, who in the same manner, after maturity, sold and transferred them for value to plaintiff.

The main question urged upon our consideration is raised by the plea of *ultra vires*. It is said that the plaintiff, a corporation formed under the general incorporation law, cannot engage in banking and the business of loaning money (chapter 32, sec. 1, R. S. 1911, J. & A. ¶ 2418), and it is contended that when plaintiff acquired the certificates in the manner it did, it by that act was engaged in the prohibited business of banking and loaning money. Hence it is argued plaintiff cannot maintain this action.

We do not think it necessary for us to determine whether this act of acquiring the certificates was the exercise of the function of banking or was, in the eye of the law, loaning money. Neither is it necessary to inquire as to the absolute legal integrity of this transaction. It is sufficient for us to consider its character under the powers granted by charter, only so far as is necessary to determine whether defendant will be permitted to question it in this suit. The law is that if the act in question is unauthorized under any circumstances, the plea of *ultra vires* by a defendant in such a case as this may be successfully maintained, but if the act is at most only an abuse or excessive use of a general power conferred by charter, the question of *ultra vires* cannot be raised by the defendant in such a case but it can be raised only in a direct proceeding by the State to oust the corporation. This has been so clearly held in the following cases as to require no further statement. *In re Humphrey Advertising Co.*, 101 C. C. A. 1, 177 Fed. 187; *Rector v. Hartford Deposit Co.*, 190 Ill. 380; *Western Telephone Mfg. Co. v. Foley*, 150 Ill. App. 343; *Chicago Building Society v. Crowell*, 65 Ill. 453; *McIntire v. Preston*, 10 Ill. 48. We find in the cases from our Supreme Court cited by defendant's counsel nothing in conflict or inconsistent with

this view.   Turning then to the power conferred by its charter upon this plaintiff we find that it has power to "buy, hold and own books, pianos, furniture, machinery and property, except real estate, and corporate stock, of any and every kind and description, to borrow money, assign, mortgage, pledge or otherwise charge any or all property rights owned or held by this corporation, to issue corporate obligations, to secure the payment of moneys, borrow and do a general brokerage commission, manufacturing and merchandise business."   With these powers, and particularly with the authority to buy and hold "property  *  *  * of any and every kind and description," it is self-evident that there is no merit in the claim that the purchase of these certificates was wholly without the scope of the powers conferred by charter, and unauthorized under any and all circumstances.   At most it might possibly be claimed to have been an excessive use of power, but even this is not wholly free from doubt.   We are of the opinion that this case falls within the rule announced above and that under the decisions there cited this defendant cannot be permitted in this suit to question the power of plaintiff to acquire these certificates and to bring suit thereon.

Under the evidence and the law the verdict was proper and the judgment is affirmed.

*Affirmed.*