### In re ARNOLD.

#### (District Court, D. Kentucky. June 8, 1899.)

BANKRUPTCY—DISSOLUTION OF LIENS—"PERMITTING" ATTACHMENT.

Under Bankruptcy Act 1898, § 67c, providing that an attachment in a suit begun within four months before the filing of a petition in bankruptcy against the defendant shall be dissolved by the adjudication in bankruptcy "if it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference," the defendant "permits" the creditor to obtain such lien if he suffers grounds for an attachment to arise, and does not in good faith prevent or resist the creditor's proceedings; and it is not necessary that there should have been, on the part of the defendant, any positive act of consent or assistance in its procurement.

In Bankruptcy. On review of ruling of referee in bankruptcy.

William Marble, for claimant.
Ward Headly, for bankrupt.

EVANS, District Judge. In this case the voluntary petition was filed on the 24th day of February, 1899, and the petitioner was adjudicated a bankrupt on the 4th day of March thereafter. At the first meeting of creditors, on the 16th day of March, Phil. Foerg filed a claim for $766.66, which he had proved as a preferred claim, upon the ground that it was made such by a lien which had been created by the levy of an attachment from the state court, obtained on the 17th of February, 1899. This being within four months before the adjudication in bankruptcy, other creditors resisted Foerg's claim to priority; and, the matter coming up before the referee, he decided against Foerg's claim of preference based upon the lien under his attachment, and held that he was entitled only to participate in the assets of the bankrupt as an ordinary creditor. From this ruling of the referee, Foerg has prosecuted a petition for a review. The facts do not fully appear from the report of the referee, but in the brief filed in the behalf of Foerg this statement is made, namely:

"It is admitted by Foerg, the creditor, that his suit in the state court was commenced, and his attachment was obtained by him and levied, within four months before the filing of the petition in bankruptcy, and also that the attachment was obtained while the defendant was insolvent, and that its existence and enforcement will work a preference."

Clause c of section 67 of the bankrupt act, so far as the same need be considered on this hearing, is as follows:

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference."

The attachment having been levied within four months next preceding the adjudication in bankruptcy, the lien claimed by the creditor as having been thereby secured was dissolved, unless a proper construction of the clause of the bankruptcy law just quoted otherwise requires. As shown, it is admitted that the bankrupt was insolvent when the lien was obtained, and that its existence will work a preference; but it is contended on behalf of the creditor that the lien must not only have been obtained, but that it must have been "permitted" by the bankrupt, by some positive act of consent or assistance in its procurement, in order to work that result. The court does not so understand the law, but is of opinion that the word "permitted," in the section quoted, must be considered as synonymous with "suffered." The bankrupt "permitted" the lien to be obtained when, by not paying the debt, and otherwise, he suffered or allowed or permitted the grounds for the attachment to arise, and when he did not in good faith prevent, or at least resist, the effort of the creditor to obtain the lien by means of the attachment. As it is admitted that the bankrupt was insolvent at the time the lien was obtained, and that the result of the existence of the lien would be a preference to Foerg, the views of the referee were correct, and his ruling is approved.