## In re BAKER-RICKETSON CO.

(District Court, D. Massachusetts. November 7, 1899.)

### No. 1,659.

1. **BANKRUPTCY—ACTS OF BANKRUPTCY—ADMISSION OF INSOLVENCY BY CORPORATION.**

Under Bankr. Act 1898, § 3a, cl. 5, providing that it shall be an act of bankruptcy if a debtor shall have "admitted in writing his inability to pay his debts, and his willingness to be adjudged a bankrupt on that ground," where a corporation, by the unanimous vote of its stockholders, authorizes one of its officers to appear on behalf of the company in the federal court, and make the admission of insolvency contemplated by the statute, "in the event of an involuntary petition in bankruptcy being filed against said company," this is not in itself such an unqualified admission as is required by the act, and is, therefore, not an act of bankruptcy on the part of the corporation.

2. **SAME.**

Where an officer of a corporation, in pursuance of authority previously given by a vote of the corporation, makes a written admission that the company is unable to pay its debts, and is willing to be adjudged a bankrupt on that ground, but this writing is not executed until after the filing of a petition in involuntary bankruptcy against the corporation, it constitutes no ground for an adjudication of bankruptcy on that petition.

3. **SAME—TRANSFER OF PROPERTY—RECEIVERSHIP.**

Where a bill in equity asking for the appointment of a receiver is brought in a state court against a corporation, and the defendant makes no opposition to the suit, but tacitly permits the receiver to be appointed, and to take charge of its property, this is not a conveyance or transfer of the property, within the meaning of Bankr. Act 1898, § 3a, cl. 1, providing that it shall be an act of bankruptcy if a person shall have "conveyed or transferred any part of his property with intent to hinder, delay, or defraud his creditors."

4. **SAME—SUFFERING PREFERENCE—RECEIVERSHIP.**

Under Bankr. Act 1898, § 3a, cl. 3, providing that it shall be an act of bankruptcy if a person shall have "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property

affected by such preference vacated or discharged such preference," where a corporation makes no defense to a bill in equity against it in a state court, and tacitly permits the appointment of a receiver, and the vesting of its property in him, it is not an act of bankruptcy by the corporation, although certain classes of persons may be entitled to larger dividends under the receivership proceedings than they would obtain in bankruptcy, if it does not appear that any such persons are concerned, or that any sale or final disposition of the property affected by the receivership has been made.

**5. SAME—ASSIGNMENT FOR CREDITORS—RECEIVERSHIP.**
Where a corporation, being made defendant to a bill in equity in a state court asking for a receivership, fails to oppose the action, and tacitly permits the appointment of a receiver, and the vesting of its property in him, this does not constitute an assignment for the benefit of its creditors, within the meaning of the bankruptcy law, and is not an act of bankruptcy.

In Bankruptcy. On petition for adjudication in involuntary bankruptcy.

John H. Appleton, for petitioning creditors.

George S. Taft, for respondent.

T. H. Gage, Jr., for certain creditors.

LOWELL, District Judge. The amended involuntary petition in this case alleged as acts of bankruptcy committed by the respondent, a Massachusetts corporation:

(1) That it had admitted in writing its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground, by the following vote:

"Voted, that E. B. Ricketson be authorized in behalf of the Baker-Ricketson Company to appear on behalf of said company in the U. S. court in Boston in the event of an involuntary petition in bankruptcy being filed against said company, and on behalf of the company to admit in writing its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground."

(2) That it had permitted its property to be removed and taken possession of by a receiver with intent to hinder and delay its creditors in the collection of their claims.

To prove the first act of bankruptcy alleged it was shown that the vote set forth in the petition was passed without dissent at a meeting of the corporation at which all its stockholders were present. It was further shown that, after the petition was filed, Mr. Ricketson, on behalf of the corporation, did admit in writing the corporation's inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground. The vote of the corporation was not an act of bankruptcy, within the meaning of the statute, because it was not in itself a written admission, but merely authorized one of its officers to make that admission if a petition in bankruptcy was filed. This is not such an unqualified admission as is required by the statute. The paper signed by Mr. Ricketson does not support the allegations of the petition. Even if the petition be again amended so as to include this paper, it is hard to see how an admission, made after the petition has been filed, constitutes an act of bankruptcy of which the petitioner can avail himself.

To prove the second act of bankruptcy alleged, the petitioners showed that a bill in equity for the appointment of a receiver of the respondent corporation was filed in the superior court for the county of Worcester. The corporation authorized Mr. Ricketson to take such steps in the matter on its behalf as to him should appear proper. He employed counsel, who, after some negotiation, verbally agreed to make no opposition to the prayer of the bill, though they never entered a formal appearance on behalf of the corporation. The receiver was thereupon appointed. That the respondent "permitted" the creation of the receivership with the intent that the usual consequences should follow such receivership there is no doubt, and the court has to determine only if the creation of a receivership with the passive permission of the respondent is in and of itself an act of bankruptcy, within the meaning of section 3a of the bankrupt act. Under the act of 1867 it was held that the procurement of a receivership was an act of bankruptcy (In re Bininger, Fed. Cas. No. 1420), and, in general, the law is so stated in the text-books (Lowell, Bankr. p. 25; Bump, Bankr. [11th Ed.] p. 254). To determine if it be an act of bankruptcy under the act of 1898 to permit the creation of a receivership, it is necessary to examine carefully the provisions of that act, and to compare them with the provisions of the act of 1867. In Re Bininger the provisions relied upon were contained in section 39 of the act of 1867, and read substantially as follows: "Procure or suffer his property to be taken on legal process with intent to defeat or delay the operation of this act." The court there held that the appointment of a receiver was legal process, and that the effect of a receivership was to defeat or delay the operation of the bankrupt act. The act of 1898 does not contain the language just quoted from the act of 1867, but the petitioners contend that an equivalent provision is to be found in section 3a. By section 3a, cl. 1, it is made an act of bankruptcy by the respondent to have "conveyed, transferred, concealed or removed or permitted to be concealed or removed, any part of his property with intent to hinder, delay or defraud his creditors or any part of them." The failure to resist a bill for a receivership is not a conveyance or transfer of property by the respondent, for two reasons: First. By section 1, cl. 25, a transfer is made to "include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift or security." This definition of a transfer indicates plainly that the word was not intended by congress to include the creation of a receivership by a court of equity. Second. The act in many places, and in this very clause, discriminates between the actual deed of the respondent and a deed which he "permits" or "suffers" to be done. Even if it were held that the appointment of a receiver by a court of equity would be a transfer of property within the meaning of the bankrupt act, plainly it would be a transfer permitted, rather than made, by the respondent, when he failed to oppose the bill in equity which prayed for it. But section 3a, cl. 1, does not make it an act of bankruptcy on the respondent's part to per-

mit his property to be transferred. The provision concerning permission applies only to concealment and removal. That a receivership is the concealment, secretion, falsification, or mutilation of property (see section 1, cl. 22), the petitioners do not contend. They have not shown that in this case the receiver has removed anything, and the phrase "removal of property" is a totally inapt definition or description of ordinary receivership proceedings. Moreover, the phrase is not a new one, and its meaning may be judged from its use in other bankrupt acts. See section 1 of the act of 1841; Rev. St. §§ 5021, 5110. It follows, therefore, that the conduct of the respondent is not an act of bankruptcy, within clause 1 of section 3a. Inasmuch as the petition does not allege that the respondent has committed one of the acts of bankruptcy defined in section 3a, cls. 2–4, there may be no need to consider those clauses, but, as it was urged in argument that the creation of this receivership was an act of bankruptcy by virtue of some clause not referred to in the petition; and as the petition might, perhaps, be amended to allege this, it is well to consider if an amendment would help the petitioners. They did not contend that the respondent had committed an act of bankruptcy under clause 2. Plainly, he had not. He had not transferred his property, as has been said. It did not appear that the receiver was his creditor, or that there was an intent to prefer the receiver. The counsel for the petitioners urged in argument that acquiescence in the receivership proceedings was an act of bankruptcy under clause 3, because in receivership proceedings certain classes of persons, to wit, laborers and physicians, are in some cases entitled by statute to larger payments than they would receive under the bankrupt act. But in this case it did not appear that any laborers or physicians were concerned, or that any sale or final disposition of the property affected by the receivership had been made. That the appointment of a receiver is not a general assignment for the benefit of creditors under clause 4 seems to me clear, and has been expressly decided in Re Empire Metallic Bedstead Co. (D. C.) 95 Fed. 957. To hold otherwise would be a severe torture of language.

None of the cases cited by the petitioners are opposed to the conclusions just stated. In Blake v. Francis-Valentine Co. (D. C.) 89 Fed. 691, a creditor had levied upon the property of the respondent, and, as was said by the learned judge, this levy might result in giving a preference to the judgment creditor over the respondent's other creditors. No such preference is shown in this case. In Re Bruss-Ritter Co. (D. C.) 90 Fed. 651, it was contended by the respondent that the petition was inoperative because receivership proceedings were pending in the state courts. This contention the court held inadmissible,—that is to say, it held that receivership proceedings in the state courts are not a bar to proceedings in bankruptcy,—but the court nowhere intimated that receivership proceedings in a state court are in themselves an act of bankruptcy. In Re Gutwillig (D. C.) 90 Fed. 475, same case on appeal, 34 C. C. A. 377, 92 Fed. 337, it was said that a general assignment, with or without preferences, is an assignment with intent to hinder or delay creditors. If this be true, it would seem

to follow that clause 4 is a needless specification of an act of bankruptcy already covered by clause 1; but this conclusion, even if sound, does not affect the case at bar. It is not enough to establish that a receivership delays or hinders the respondent's creditors. To permit creditors to be delayed is nowhere made an act of bankruptcy, but only a transfer of property by the respondent with that intent. In Mather v. Coe (D. C.) 92 Fed. 333, the petition was informal, but the learned judge evidently considered that it sufficiently alleged that the effect of the receivership proceedings would be to prefer certain specified creditors. Under these circumstances he held that an acquiescence in the receivership proceedings was an act of bankruptcy under section 3a, cl. 3. As has been said, it was alleged neither in the petition nor in the argument that in this case any specific creditors had been or would be preferred. In Re Cliffe (D. C.) 94 Fed. 354, and in Re Arnold (D. C.) 94 Fed. 1001, the court was dealing with liens created in favor of particular creditors. Upon the whole, though the respondent's conduct is considerably analogous to some of the statutory acts of bankruptcy, yet it is not fairly covered by any statutory definition. Petition dismissed.