## In re EMPIRE METALLIC BEDSTEAD CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1899.)

### No. 88.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—VOLUNTARY APPLICATION BY CORPORATION FOR RECEIVER.

Where a corporation, under the provisions of a state statute, files in a state court its voluntary application for dissolution, and for the appointment of a receiver to wind up its affairs and distribute its assets, on the ground of its insolvency, and procures the appointment of a receiver thereon, such application is not "a general assignment for the benefit of its creditors," within the meaning of Bankr. Act 1898, § 3a, cl. 4, providing that such an assignment shall constitute an act of bankruptcy.

2. SAME.

Such a proceeding cannot be held to be an act of bankruptcy on the ground that it produces results equivalent to those brought about by a general assignment for creditors; for the acts of bankruptcy enumerated and classified by the statute cannot be enlarged by construction so as to include transactions similar or analogous to, but not identical with, those specified.

Appeal from the District Court of the United States for the Northern District of New York.

This is an appeal from a decree dismissing a petition in involuntary bankruptcy brought against the appellee by the appellant and other creditors. 95 Fed. 957.

Tracy C. Becker and George L. Lewis, for appellants.

William L. Marcy, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The Empire Metallic Bedstead Company, a manufacturing corporation, organized under the laws of the state of New York, and established in Buffalo, in that state, brought its petition before the supreme court of New York, under the provisions of the Code of Civil Procedure, for the dissolution of the corporation and the appointment of a receiver of its property, upon the ground of its insolvency, which petition was granted and a temporary receiver was appointed on or about April 27, 1899. Within four months after the date of this petition, the Bourne-Fuller Company and sundry other creditors of the bedstead company brought their petition before the United States district court for the Northern district of New York, averring its insolvency, and that within four months next preceding it had committed an act of bankruptcy, in causing, upon its petition to the state court, the appointment of a receiver because of insolvency, which proceeding, under the laws of the state of New York, was averred to operate as, and to be equivalent to, a general assignment of the property of the said bedstead company for the benefit of its creditors. The answer denied that any act of the corporation was an act of bankruptcy. After a reference to the referee, who reported that in his opinion the act of the insolvent was equivalent to an assignment for the benefit of creditors, the question came before the district court for decision, which dismissed the petition. This appeal is from the decree of dismissal.

The petition did not allege that the corporation's application was with intent to hinder, delay, or defraud its creditors, but placed the averment of an act of bankruptcy solely upon the ground that the petition and the appointment of a receiver at its instance because of insolvency were equivalent to a general assignment of its property for the benefit of creditors; and whether such a procedure is an act of bankruptcy, because equivalent to a general assignment, is the only question to be determined upon this appeal.

The argument for the appellant is, in substance, that the appointment of a receiver takes the assets of a corporation beyond the reach of creditors, and places them in the hands of a trustee whom they did not appoint; that for this reason a general assignment for the benefit of creditors is a fraud upon the bankrupt act, and would be held an act of bankruptcy, if it had not been expressly declared to be such; and that the act of the corporation in promoting the appointment of a receiver has, in its substantial results, the same effect as an assignment, in this: that the trustee is not designated by the creditors. It is true that the application was for the purpose of an equal distribution of the avails of the assets by a trustee appointed by the court, and in whose appointment the creditors were not represented by themselves or by a person of their own selection; and, if it had been averred that the act of the corporation was an act to hinder or delay creditors in their rights and remedies under the bankrupt law, a different question might have arisen. When the statute declares that a general assignment for the benefit of creditors is an act of bankruptcy, can it be construed to include an act which is not a general assignment? We think that it cannot, because the term has a universally understood and recognized meaning throughout the different states, and means a transfer and conveyance by a person of all his property to a named person upon a trust which is to be worked out in some states by a court of probate and insolvency, in some states by a court of common law, and in some states by a trustee, subject only to the supervision to which any trustee is subjected. It is a deed or conveyance which the grantor makes voluntarily, or sometimes by compulsion, at the instance of a court of insolvency. A petition for the appointment of a receiver is not that proceeding which is universally recognized as an assignment, and its "equivalency" of result, if equivalency exists, is not important. The bankruptcy statute has said that the one is an act of bankruptcy, and has said nothing about the other, in direct terms; and when acts of bankruptcy are classified, as they are in the statute of 1898, it is not the province of a court to enlarge the classification because the omitted class seems to partake of the sin of the named class. Why the legislature did not specifically mention acts of corporations which would have the effect of a general assignment, but which are of a different character, it is unnecessary to surmise; for it is, in our opinion, sufficient to say that these other acts are not assignments, and were not particularly specified, and that, if they are acts of bankruptcy, it is because they are included in the general language of one of the other subdivisions of section 3 of the act. The order of the district court is affirmed, with costs.