In re HARPER & BROS.

(District Court, S. D. New York. March 13, 1900.)

1. BANKRUPTCY—ACTS OF BANKRUPTCY—VOLUNTARY APPLICATION BY CORPORATION FOR DISSOLUTION.

Whether the act of an insolvent corporation in voluntarily applying to a state court for a decree dissolving the corporation and winding up its affairs, pursuant to the state law, through the agency of a receiver, is a transfer of its property "with intent to hinder, delay, and defraud its creditors," and therefore an act of bankruptcy, within the meaning of Bankr. Act 1898, § 3a, cl. 1, because operating to deprive creditors of the remedies provided by the bankruptcy law, including the administration of the estate in a court of bankruptcy, quære.

2. SAME.

An insolvent corporation applied to a state court for a decree for its dissolution and the settlement of its affairs, and thereupon a receiver was appointed, who took charge of its assets and entered upon the discharge of his duties. Ninety per cent. of the creditors, representing more than $3,000,000, approved the proceedings as the best possible course for the benefit of the creditors. The interests involved were very large, and the administration of the property required exceptional care and competency. No actual fraud was shown. On a petition in involuntary bankruptcy against the corporation, filed by other creditors, held, in view of the circumstances, and of the doubt whether the act of the corporation constituted an act of bankruptcy, that no adjudication of bankruptcy should be made.

In Bankruptcy. On petition for adjudication in involuntary bankruptcy.

Epstein Bros., for petitioning creditors.
Olin & Rives, for respondent.
Butler, Notman, Joline & Mynderse, for opposing creditors.

BROWN, District Judge. On January 21, 1900, a petition was filed by three creditors to have Harper & Bros. adjudged bankrupt. Harper & Bros. were organized as a corporation under the laws of this state in 1896, upon a capitalization of $5,000,000. Being in financial difficulties, with the approval of about 90 per cent. of its creditors, the directors on December 4, 1899, applied to the supreme court by petition to have the corporation dissolved, and its affairs wound up pursuant to the laws of this state pertaining to domestic corporations. On the same day the State Trust Company was ap-

pointed temporary receiver of the corporation and of all its property and franchises; and on the same day a further order was made directing a reference to show why the corporation should not be dissolved. On the 7th of December application was made to the state court by the receiver in regard to carrying on the business, and for authority to make certain payments for wages, etc., which was granted, and under that order some such payments were subsequently made.

The petition in bankruptcy avers that the corporation was insolvent and that its procuring of the appointment of a receiver in proceedings for its dissolution, was a transfer made "with intent to hinder, delay and defraud its creditors" within the meaning of subdivision 1 of section 3, and subdivision "e" of section 67, of the bankruptcy act; and that the conveyance to the receiver was void under the bankruptcy act, and fraudulent as to the creditors of the corporation. Answers were interposed by the corporation, not denying insolvency, but denying the act of bankruptcy alleged; and an answer to the same effect was interposed by other creditors of the corporation.

On the hearing, the petition and orders above referred to were produced in evidence, and it was admitted that the receiver was appointed, took possession of the assets, and made certain payments under the order of December 7th, as above stated. There was also a general charge that the corporation "had paid person or persons specifically unknown to the petitioners, with intent to give such person or persons who were creditors a preference over others." This charge was held too vague and indefinite to require the receiver to produce the books of the corporation, as it would turn the petition, in effect, into a bill of discovery, and no other evidence on that head was offered.

The case being thus submitted, the only question presented for decision is whether the proceedings instituted for the dissolution of the corporation, and the appointment of a receiver thereunder, constitute an act of bankruptcy as charged. No other act of bankruptcy was charged or proved. In the recent case of In re Empire Metallic Bedstead Co., 98 Fed. 981, it was held by the court of appeals in this district that the appointment of a receiver and a transfer of its property in legal proceedings for a dissolution under precisely similar circumstances as in the present case, were not equivalent to a general assignment for creditors under section 3 (4), and did not constitute an act of bankruptcy. The present case would be identical, except that the petition here charges that the same acts constitute a transfer made with intent to hinder, delay and defraud the creditors and that some payments of wages made under the order of the court were likewise, fraudulent. All the circumstances negative any fraud in fact, so that the only real question is whether regular legal proceedings for the dissolution of the corporation are to be deemed transfers with intent to hinder, delay and defraud creditors under the bankruptcy act by construction of law, on the ground that such proceedings deprive creditors of their remedies and the administration of the estate in a court in bank-

ruptcy. The difficulty in the case is, that the corporation cannot be put into bankruptcy, though it is insolvent, except on commission of some "act of bankruptcy." All that the corporation has done in this case is to apply to the state court for a dissolution and for proceedings thereunder according to the Code of Procedure. The appointment of the receiver was an act of the court, in a lawful proceeding; and if such an appointment with the consequent transfer of all its property, was not an "assignment" under subdivision 4 of section 3, it seems very doubtful whether it can be held to be a transfer, removal or conveyance under subdivision 1 or subdivision 2 of the same section, or under subdivision "e" of section 67.

In view, therefore, of the recent decision of the court of appeals in this district, I think this petition should be at present denied. The case is one of very great importance; the property interests involved are very large; the administration of it for the best interest of creditors, as shown by the papers submitted, requires very exceptional care and competency. Ninety per cent. of the creditors to the amount of upwards of $3,000,000, it is stated and not denied, approve of the state proceedings for a dissolution, the appointment of the receiver and the management of the affairs under the administration of Mr. Harvey in the interest of creditors, as the best possible course for their benefit. No interference with the present administration of its affairs should be had by an adjudication in bankruptcy, unless it is reasonably certain that winding up under the state law is an act of bankruptcy under the existing law. There seems to me so much doubt on that point, in view of the decision above referred to, that the proper course, I think, is to deny adjudication of bankruptcy at this time, leaving it to the petitioning creditors, if so advised, to present the question to the appellate court upon appeal from this decision.