### In re HENRY ZELTNER BREWING CO.

(District Court, S. D. New York. August 25, 1902.)

1. BANKRUPTCY—CORPORATIONS—ACTS OF BANKRUPTCY.
   A corporation which in fact has sufficient property to pay its debts does not become insolvent within the meaning of the bankruptcy act of 1898, nor does it commit an act of bankruptcy, by submitting to the appointment of a receiver by a state court.

In Bankruptcy. On petition in involuntary bankruptcy.

A. Blumenstiel, for petitioning creditors.

John Oscar Ball (Henry A. Forster, of counsel), for respondent.

ADAMS, District Judge. The facts in this case appear in a stipulation between the parties, marked Exhibit 1, and the papers referred to therein, marked Exhibits 2, 3 and 4. It is not necessary to restate them. The question to be determined is whether the corporation committed an act of bankruptcy.

The petition alleges that the corporation on the 7th day of February, 1902, and within four months next preceding the filing of the petition, with intent to hinder and delay its creditors, conveyed and transferred all its property, in that, through its directors and officers, then existing, it caused an application to be made to the Supreme Court of the State of New York for the appointment of a receiver, which receiver was thereupon appointed, duly qualified and took possession, with the consent of the Brewing Company, of all of its property, and proceeded to conduct its business; it is further alleged that all the creditors have been enjoined from taking any proceedings to collect the debts, and that at the time of the said application and appointment of Receiver, the corporation was insolvent.

The decision turns upon the alleged insolvency. The creditors contend that notwithstanding a stipulation between the parties to the effect that the corporation was actually solvent at the time of the proceedings in the State Court, and now owns sufficient property to pay its debts, it must be regarded as insolvent under the definition of section 1 (15) of the Act, because it suffered all of its property to be placed in the hands of a receiver in the State Court, and after doing so had none with which it could pay its debts, and therefore had brought itself within the purview of the Act.

As matter of fact, the corporation is not without property to pay its debts. The property is beyond the immediate reach of creditors by judgment and execution, but is in the custody of the law for their benefit, and in due course all the creditors will have the benefit of the pending proceedings. It is urged that under the laws of the State, the proceeding has been improperly resorted to by the officers and directors resigning their positions in order to bring the Statute under which a receiver was appointed into operation, but that is obviously a matter for consideration by the State Court. I regard as unsound the argument on behalf of the petitioning creditors, that a corporation which is solvent in fact becomes insolvent in contemplation of the Bankruptcy law upon the appointment of a Receiver in a State Court, and the authorities are opposed to such a construction of the Act. In re Baker-Ricketson Co. (D. C.) 97 Fed. 489; Vaccaro v. Bank, 43 C. C. A. 279, 103 Fed. 436; In re Empire Metallic Bedstead Co. (D. C.) 95 Fed. 957; Id., 39 C. C. A. 372, 98 Fed. 981; Davis v. Stevens (D. C.) 104 Fed. 236; In re Harper & Bros. (D. C.) 100 Fed. 266. The petition is dismissed.