## In re VARICK BANK OF NEW YORK et al.

(District Court, S. D. New York. January 14, 1903.)

1. BANKRUPTCY—ACT OF BANKRUPTCY—PROCURING APPOINTMENT OF RECEIVER.
Obtaining the appointment of a receiver by an insolvent partnership through dissolution proceedings in a state court, though such action was taken for the purpose of preventing the bankruptcy court from obtaining possession of the assets, is not an act of bankruptcy, under Bankr. Act 1898, § 3a, cl. 1 [U. S. Comp. St. 1901, p. 3422].

In Bankruptcy. On creditors' petition in involuntary bankruptcy.

Frederick M. Czaki, for petitioning creditors.

Stern, Singer & Barr, for receiver of State Court.

ADAMS, District Judge. This is a petition by the creditors to have the alleged bankrupts, composing the firm of Burrell & Corr, adjudged involuntary bankrupts as individuals and as copartners. The allegations of bankruptcy were put in issue by answer and the matter referred to a Special Commissioner to take testimony and report.

It appears that while insolvent, the alleged bankrupts applied to the Supreme Court of the State of New York for a dissolution of the copartnership and the appointment of a receiver of all their assets, with the usual powers. An order was accordingly made by the State Court, dated August 16, 1902, appointing such receiver. On the 1st day of August, 1902, the creditors' petition was filed in this court. It is alleged therein:

"*First*, that the alleged bankrupts within four months before the filing of the petition herein and while insolvent transferred and disposed of assets, and did dispose, sell, secrete and remove same for the purpose of impeding, hindering delaying and defrauding creditors. *Second*, that while insolvent and within four months of the filing of the petition herein they conveyed and transferred assets with intent to hinder, delay and defraud their creditors by means of a fraudulent and collusive proceeding or action brought by Burrell against Corr in the Supreme Court of the State of New York in New York County, in which action a Receiver was appointed upon the motion of one party and the consent of the other which action was instituted and prosecuted for the sole purpose of controlling their assets and placing them beyond the reach of their creditors and of distributing their assets in derogation of the terms and provisions of the Acts of Congress relating to Bankruptcy, etc. *Third*, that while insolvent and within said four months they transferred a portion of their property to various creditors with intent to prefer them over others of the same class."

The answer does not deny the insolvency but does deny any act of bankruptcy.

The creditors, in support of the petition, have shown that while insolvent, one of the alleged bankrupts instituted the action in the State Court against his partner for a dissolution of the copartnership and, upon the consent of the defendant, procured the appointment of a receiver therein who took possession of the copartnership assets. It may be inferred from the evidence that the proceedings were instituted for the purpose of preventing the bankruptcy court from obtaining possession of the assets, in the expectation by the insolvents that they would be able to make a better settlement with their creditors than they could through bankruptcy proceedings.

The question is, whether the acts of the alleged bankrupts fall within the provisions of section 3a (1) of the Bankruptcy Act [U. S. Comp. St. 1901, p. 3422], providing that acts of bankruptcy shall consist of having:

"(1) Conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay or defraud his creditors, or any of them."

The Commissioner has reported that in his opinion, the alleged bankrupts committed an act of bankruptcy in having the receiver appointed under the circumstances and that an adjudication should be ordered.

The determination of the question is not without difficulty in view of the insolvency and the apparent attempt to avoid the effect of the bankruptcy law; yet as these proceedings are entirely statutory, they must rest upon the provisions of the Act. It is conceded by the creditors that justification for an adjudication must be found in the section quoted.

In the Act of 1867, it was provided (section 39) that it constituted an act of bankruptcy for a person to suffer or procure his property to be taken on legal process with intent by such disposition of it to defeat or delay the operation of the Act, which was construed to cover the case of a person procuring his property to be taken possession of by a receiver of a State Court—In re Bininger, 7 Blatchf. 262, 3 Fed. Cas. 412,—but no similar provision is found in the present Act and it may properly be concluded that Congress did not intend that under such circumstances the property of insolvents should be subject to the provisions of the present Bankruptcy Law. None of the provisions of section 3a (1) have been violated by the proceedings of the alleged bankrupts, unless the words of the section be given a construction apparently contrary to the intention of Congress. My attention has not been called to any authority decisive of the point involved but the tendency of the courts is apparently adverse to extending the bankruptcy jurisdiction to cases not clearly within the provisions of the Law—In re Empire Metallic Bedstead Co. (D. C.) 2 Am. Bankr. R. 329, 3 Am. Bankr. R. 575, 95 Fed. 957; Id., 39 C. C. A. 372, 98 Fed. 981; In re Blair (D. C.) 3 Am. Bankr. R. 588, 99 Fed. 76; Vaccaro v. Bank, 4 Am. Bankr. R. 474, 43 C. C. A. 279, 103 Fed. 436; In re Baker-Ricketson & Co. (D. C.) 4 Am. Bankr. R. 605, 97 Fed. 489; Metcalf v. Barker (U. S. Supreme Court, Dec. 1, 1902) 23 Sup. Ct. 67, 47 L. Ed. ——.

The petition is dismissed.