### In re BURRELL et al.

#### Appeal of VARICK BANK et al.

#### (Circuit Court of Appeals, Second Circuit. May 7, 1903.)

#### No. 174.

1. ACTS OF BANKRUPTCY—CONSENT TO RECEIVERSHIP.

Under Bankr. Act July 1, 1898, 30 Stat. 546, 547, c. 541, § 3a [U. S. Comp. St. 1901, p. 3422] declaring that acts of bankruptcy shall consist of the bankrupts' having conveyed, transferred, concealed, or removed or permitted to be removed any part of their property with intent to hinder, delay, or defraud their creditors, or any of them, the fact that the members of a firm consented to the appointment of a receiver of their assets, prior to the amendment of the act of 1898 by Act of Cong. 1903, declaring that the application for a receiver shall constitute an act of bankruptcy, did not render the members of such firm liable to adjudication as involuntary bankrupts.

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 119 Fed. 991.

This is an appeal from a decision of the District Court, Southern District of New York, adjudging that the appellees are not involuntary bankrupts, and dismissing the involuntary petition in bankruptcy herein. Three alleged acts of bankruptcy are set forth in the petition. As to two of them the facts averred are not made out by the proofs. The third charge is that, while insolvent, and within the statutory four months, an action was instituted by one partner against the other, in which, upon the application of the one and the consent of the other, a receiver was appointed, all "with intent to hinder, delay, and defraud their creditors."

F. M. Czaki, for appellants.

W. J. Barr, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. This proceeding was begun under the bankrupt act of 1898 as it stood before amendment, and the clause of section 3a, Act July 1, 1898, 30 Stat. 546, 547, c. 541 [U. S. Comp. St. 1901, p. 3422] relied upon reads: "Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them." The section also contained a clause enumerating, as an act of bankruptcy, the making of a general assignment for the benefit of creditors. It did not provide for receiverships. Since then the act has been amended by the act of 1903, and the specific case provided for in these words: "Or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

Inasmuch as the disposition of future cases involving the question raised here has been thus settled by Congress, it seems unnecessary to set forth at length the reasons which have induced us to concur with the District Judge.

The decree is affirmed with costs.