## In re McKEEHAN FURNITURE CO.

District Court, S. D. Florida, at Miami.
December 14, 1927.

**Bankruptcy &cm60—Appointment of receiver, and consent thereto, to distribute assets of corporation, did not constitute "general assignment to creditors," within Bankruptcy Act (11 USCA).**

Appointment of receiver, and consent thereto, for purpose of converting property and assets of corporation into money for distribution among creditors and stockholders, did not constitute "general assignment to creditors," within purview of Bankruptcy Act (11 USCA).

[Ed. Note.—For definitions, see Words and Phrases, First and Second Series, General Assignment.]

In Bankruptcy. Involuntary petition by Delker Bros. Manufacturing Company, a Kentucky corporation, the Chesapeake Furniture Company, a Virginia corporation, and the Metropolitan Chair Company, a Connecticut corporation, unsecured creditors of the McKeehan Furniture Company, alleged bankrupt, to which an answer was filed by said alleged bankrupt, by numerous intervening creditors, and by Arthur G. Feehan and Lee M. Gerstel, receivers in equity, denying the several acts of bankruptcy, and maintaining solvency. Order of adjudication entered in accordance with opinion.

H. P. Cobb, of Miami, Fla., for petitioning creditors.

Gramling & Flowers, of Miami, Fla., for alleged bankrupt.

James A. Dixon and Herbert U. Feibelman, both of Miami, Fla., for intervening creditors.

Snedigar, Miller, McKay & Baya and Herbert U. Feibelman, all of Miami, Fla., for equity receivers.

CLAYTON, District Judge. This matter came on to be heard upon an involuntary petition in bankruptcy filed by Delker Bros. Manufacturing Company, Chesapeake Furniture Company, and Metropolitan Chair Company, unsecured creditors of McKeehan Furniture Company, a Florida corporation, located at Miami, Fla., and on answers to the involuntary petition, as amended, filed by the alleged bankrupt, the equity receivers appointed by this court, Arthur G. Feehan and Lee M. Gerstel, and numerous intervening creditors, denying the several acts of bankruptcy set forth, and maintaining the solvency of the McKeehan Furniture Company. Testimony was adduced at length in behalf of all parties.

The involuntary petition was amended by setting up the following act of bankruptcy: "That the said McKeehan Furniture Company filed its answer to the petition of Weser Bros. Company v. McKeehan Furniture Company in this court, being equity No. 81, and in such answer set out that the corporation has duly authorized the making of the same and joins in the prayer of bill of complaint for appointment of receiver and other relief therein prayed for, and that among the prayers for relief the following: That the property and assets of defendant be converted into money and distributed among its creditors as they may be legally entitled thereto, and that the balance thereof be distributed among respective stockholders and/or the defendant as it may be legally entitled thereto. The legal effect of such answer being the making of a general assignment for the benefit of its creditors, in violation of the fifth act of bankruptcy (11 USCA § 21 [a] [5])."

Previous to the amendment of the Bankruptcy Act in 1903, there was no act of bankruptcy such as is now defined, relating to the appointment of a receiver of an insolvent debtor constituting an act of bankruptcy, and the facts set up in the petition as amended would not, in the court's opinion, as a matter of law, have constituted an act of bankruptcy, prior to the amendment in 1903, and does not constitute an act under the present law. The court holds, in line with prevailing authorities, that the appointment of a receiver of McKeehan Furniture Company and the consent thereto, even for the purpose set forth, does not constitute a general assignment to creditors within the purview of the National Bankruptcy Act (11 USCA).

The first case of the series upon which the court relied in reaching this conclusion is In re Empire Metallic Bedstead Co. (C. C. A.) 98 F. 981. This case held that the voluntary application of an insolvent corporation for dissolution under the laws of the state of its domicile, in the absence of a showing that such an application was made for the purpose of hindering, delaying, and defrauding creditors, so as to bring it within the first act of bankruptcy (11 USCA § 21, subsec. (a), subd. 1), did not in itself, as a matter of law, constitute an act of bankruptcy.

This case was followed by In re Harper & Bros. (D. C.) 100 F. 266. In this case the petition for adjudication of bankruptcy alleged that in equity proceeding in the state court receivers were appointed and consented to by the insolvent debtor "to hinder, delay,

and defraud creditors," and the court held that this was not in itself, as a matter of law, an act of bankruptcy, and held that, inasmuch as 98 per cent. of the creditors approved of the state court proceedings, the court would refuse to entertain jurisdiction in bankruptcy.

The case of Scheuer v. Smith (C. C. A.) 112 F. 407, the next case in this series, is frequently cited for the holding that the appointment of and consent thereto by the insolvent debtor, constituted an act of bankruptcy. In that case, the record disclosed a preferential transfer to certain creditors, and the subsequent appointment of receivers, which operated as a matter of law to prevent preferences from being set aside, and the adjudication in bankruptcy was made upon the ground of the third act of bankruptcy, to wit, a preferential transfer.

The first authority above cited is in accord with the federal District Court of Massachusetts, in the case of In re Baker-Ricketson, 97 F. 489, and was followed by the decision of the Circuit Court of Appeals, rendered by Circuit Judge Lurton, later Mr. Justice Lurton, of the Supreme Court of the United States, in the case Vaccaro v. Security Bank, 103 F. 436. Davis v. Stevens (D. C.) 104 F. 235, and In re Gilbert (D. C.) 112 F. 951, are also authorities of our view.

This line of cases is concluded by In re Burrell (C. C. A.) 123 F. 414, where the court had before it such a case as is now in view, and held that, inasmuch as the amendment of 1903 had specifically dealt with the question of appointment of receivers as an act of bankruptcy, the question could not arise as to whether the appointment of receivers under the circumstances mentioned above constitutes a general assignment. If there were any doubts still remaining upon the question, the case of Nolte v. Hudson Nav. Co. (C. C. A.) 8 F.(2d) 859, settles the point.

The evidence adduced in this case is voluminous, and, in view of the conclusion which I shall presently express, it is unnecessary to discuss whether the petitioning creditors have sustained the allegations of the petition as amended with regard to any other acts of bankruptcy, excepting that relating to appointment of receivers of the alleged bankrupt while it was insolvent.

Without going into the statement of facts in detail, the court is satisfied from the evidence that the McKeehan Furniture Company was insolvent at the time the receivers were appointed by this court in the equity proceedings, and that the allegations of the petition as amended are therefore substantially proven in regard to this act of bankruptcy.

Order of adjudication will be entered in harmony with this opinion.